IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY D. GOOSBY | ) | CASE NO.  4:10CV0806 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| | ) | |
| J. T. SHARTLE | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Respondent. | ) | |

Petitioner *pro se* Gregory D. Goosby ("Goosby"), incarcerated at the Federal Correctional Institution, Elkton, Ohio, brought this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. He states in his Petition that he is serving a sentence of 55 months for preparation of false tax returns and criminal contempt of court. His projected release date is June 15, 2011. Goosby requests that this Court order the Bureau of Prisons ("BOP") to consider separately and in good faith whether he should be awarded a 12 month (or the balance of his time) RRC placement and report to this Court within 30 days of this Order as to the results of its reconsideration of his RRC placement length.

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL

31388736 *1 (6th Cir. Oct. 22, 2002).  At this stage, allegations in the petition are taken as true and liberally construed in petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir.2001).  Since Whitaker is appearing *pro se*, his Petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir.2003), *overruled on other grounds, Jones v. Bock*, 549 U. S. 199 (2007);  *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir.1999).  For the reasons set forth below, his Petition lacks merit.

A federal prisoner must exhaust his administrative remedies prior to filing a habeas petition under § 2241. *Fazzini v. Northeast Ohio Correctional Center,* 473 F.3d 229, 231 (6th Cir.2006); *Little v. Hopkins,* 638 F.2d 953, 953-54, (6th Cir.1981). Administrative remedies available to inmates confined in BOP institutions, are set out in 28 C.F.R. §§ 542.10-542.19 (2000). Section 542.13(a) requires that an inmate first informally present his complaint/request to the staff, thereby providing them with an opportunity to act to correct the problem, before filing a request for an administrative remedy. If unsuccessful, he may initiate the formal remedy process by filing a written request (a BP-229 form, formerly a BP-9) to the Warden within "20 calendar days following the date on which the basis of the Request occurred." *See* § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal to officials outside the prison with a BP-230 form (formerly BP-10) to the Regional Director for the geographical region in which the inmate's place of confinement is located, and then to the Office of General Counsel of the BOP (a BP-231, formerly BP-11). *See* § 542.15(a)-(b).

For the last two appeal levels, the Regional Director has 30 days to respond and General Counsel, 40 days. § 542.18. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that

level." *Id. See McIntosh v. Hickey*, 2010 WL 1959308, * 2 -3 (E.D. Ky., May 17, 2010).

It appears that Goosby has not availed himself of the administrative procedure. Goosby asserts that he should be allowed to file this action without exhausting the administrative appeal process because to do so would be futile. The Director of the BOP, Harley Lappin, allegedly publically stated on July 15, 2008, that he does not support anyone going to an RRC for more than six months. The final decision is made by the General Counsel not the Director of the BOP. There is nothing in the Petition, except, speculation, indicating that the General Counsel would rule as the Director of the BOP desires. Because the BOP must consider certain factors in determining RRC placement even if the Court orders it to so, it cannot be ruled that the administrative remedy would be futile. As discussed below, placement of an inmate in a RRC is discretionary based on certain criteria, and an inmate must use the administrative procedure. The Court cannot order a specific length of RRC placement.

The Second Chance Act, 18 U.S.C § 3624(c)(1), provides that the Director of the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." As a result of this statute and the new 12-month maximum placement, the BOP issued guidance directing that "inmates must now be reviewed for pre-release RRC placements 17-19 months before their projected release dates." *Ramirez v. Eichenlaub,* 2008 WL 4791892, 3 (E.D. Mich., Oct. 30, 2008) (quoting *Miller v. Whitehead*, 527 F.3d 752, 755 (8th Cir.2008).

Although RRC placement is helpful for readjustment to society, a federal prisoner does not have a federal right to serve the final twelve months of his sentence in a RRC. While the Second

3

Chance Act allows the BOP to place an inmate in an RRC for as much as twelve months of his sentence, it does not automatically entitle, or guarantee, any prisoner placement in a RRC. *See Demis v. Sniezek,* 558 F.3d 508, 514 (6th Cir.2009). *Harris v. Hickey*, 2010 WL 1959379, 3 (E.D. Ky., May 17, 2010). The Act only requires the BOP to consider placing an inmate in an RRC for up to a twelve month period. *Demis,* 558 F.3d at 514. Pursuant to the administrative regulations promulgated as a result of the Second Chance Act, the decision to place an inmate in pre-release community confinement is discretionary and will be "determined on an individual basis" according to the factors in 18 U.S.C. § 3621(b). *Rules and Regulations, Department of Justice, Bureau of Prisons,* 73 Fed.Reg. 62,440; 62, 441-42 (Oct. 21, 2008). *McIntosh*, 2010 WL 1959308 at * 3.

Goosby asserts that the Court should follow *Krueger v. Martinez*, 665 F. Supp.2d 477 (M.D. Pa., 2009), wherein the court stated:

> In other words, while staff have absolute discretion to recommend RRC placement for 0-6 months, if they want to recommend a placement of a longer duration they must be able to demonstrate "unusual or extraordinary circumstances justifying" the recommendation. ( *See* Doc. 17, Pet'r's Ex. U, Nov. 14, 2008 Mem.) This language effectively chills staff discretion because staff are aware of the institutional preference for a RRC placement of six months or less, a preference that is contrary to the apparent purpose of the Second Chance Act.
>
> The BOP's memoranda add additional hurdles that find no support in the text of the Second Chance Act. While it may be true that any given prisoner need not be placed in a RRC for longer than six months, it is not universally true that every prisoner will benefit from the same limitations. By depriving the initial decision maker of the ability to recommend placement unfettered by a presumptive six month cap, the BOP significantly reduces the possibility of a truly individualized review that objectively determines the duration required "to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C). Accordingly, because the duration of Krueger's RRC placement was determined pursuant to these impermissible limitations, the BOP abused its discretion in deciding that Krueger's placement would be for five to six months.

*Id*. at 483.

A recent case out of the Middle District of Pennsylvania decided not to follow *Krueger*, *McDonald v. Obama*, 2010 WL 1526443 * 6 -7 (M.D. Pa., Mar. 15, 2010). This court recognized that the majority of courts hold that the "Bureau of Prisons' requirement of regional director approval, and the agency's stated view that many inmates can have their needs met through 180-day RRC placements, do not violate the Act." *Id*. (citing *Miller v. Whitehead*, 527 F.3d 752,755-58 (8th Cir.2008) (other citations omitted). The requirement of approval of the regional director for 12-month RRC placements and the various agency statements expressing an institutional view that RRC placements of 6 months or less are generally adequate for most inmates, reflect the BOP's' exercise of its discretion in implementing the Act. An inmate is entitled only to the individualized consideration of this RRC placement called for by the Act. *Id*.

Whether to place an inmate in RRC is determined on an individual basis using the following criteria:

(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence;
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 944(a)(2) of title 28.

18 U.S.C. § 3621(b)(1)-(5). These factors must be used in deciding whether to allow Goosby the extended RRC placement. This Court does not have the authority to decide RRC placement, a decision that is discretionary. At best, the Court could order the BOP officials to consider Goosby for placement. However, Goosby has not alleged that the BOP has refused to do so.

5

Accordingly, This action is dismissed. *See* 28 U.S.C. § 2243.[1] The Court finds that Goosby has not made a substantial showing of the denial of a constitutional right and declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c)(1).

IT IS SO ORDERED

/s/Dan Aaron Polster 6/17/10
JUDGE DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 2243 requires the court to summarily hear and determine the facts and dispose of the matter as law and justice require.